| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CASE NO. 4:12-CR-19(18) |
| | § | |
| JESUS FERNANDEZ-DE LUNA | § | |

**MEMORANDUM AND ORDER**

Pending before the court is Defendant Jesus Fernandez-De Luna's ("Fernandez-De Luna") *pro se* Letter Motion (#760), which the court construes as a request to modify his sentence pursuant to 18 U.S.C. § 3582(c). He asks the court to forgive him for his past mistakes, allow him to re-do his life in freedom with his family and loved ones, and reconsider his case to arrive at a sentence the court decides is equitable. Having considered the motion, the record, and the applicable law, the court is of the opinion that the motion should be denied.

On August 13, 2014, a grand jury in the Eastern District of Texas returned a Second Superseding Indictment against Fernandez-De Luna, charging him with Conspiracy to Possess with Intent to Distribute 5 Kilograms or More of Cocaine, in violation of 21 U.S.C. § 84, and Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h). On July 13, 2017, Fernandez-De Luna pleaded guilty to the drug-trafficking offense pursuant to a binding plea agreement. Subsequently, on January 1, 2018, the court sentenced Fernandez-De Luna to 188 months' imprisonment, to be followed by a 5-year term of supervised release.

Fernandez-De Luna's convictions stem from a large-scale, international drug-trafficking operation involving the Los Zetas Drug Cartel, wherein he smuggled cocaine and marijuana into the United States from Mexico. He then returned to Mexico with bulk currency that constituted drug-trafficking proceeds. The drug-trafficking operation included clandestinely transporting

drugs in "electric motors," construction bricks, and hidden vehicle compartments. Fernandez-De Luna was found responsible for the distribution of at least 450 kilograms of cocaine. Moreover, he is not present legally in the United States and has a history of regular substance abuse.

The court's authority to reduce or modify a sentence is limited once a sentence of imprisonment has been imposed. *United States v. Varner*, 948 F.3d 250, 253 (5th Cir. 2020); *United States v. Banks*, 770 F.3d 346, 348 (5th Cir. 2014); *United States v. Hernandez*, 645 F.3d 709, 711 (5th Cir. 2011); *Dillon v. United States*, 560 U.S. 817, 819 (2010). Pursuant to 18 U.S.C. § 3582(c), a district court is authorized to modify a previously imposed term of imprisonment only under the following circumstances: (1) when the court receives a motion from the Director of the Bureau of Prisons ("BOP"), or under certain circumstances, a motion from the defendant, indicating that there are extraordinary and compelling reasons warranting a reduction and that reduction is consistent with applicable policy statements issued by the Sentencing Commission; (2) when the district court, pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, acting within 14 days after the imposition of sentence, wishes to correct an arithmetical, technical, or other clear error identified in a previously imposed sentence; (3) when the defendant has provided substantial assistance and the government moves for a sentence reduction; or (4) when the defendant has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c); *see Banks*, 770 F.3d at 348; *United States v. Meza*, 620 F.3d 505, 507 (5th Cir. 2010).

Here, Fernandez-De Luna fails to assert grounds for modification of his prison sentence that fall into any of the above-listed categories. He refers to having successfully completed medical procedures—including the removal of a brain tumor and receiving chemotherapy;

2

however, he does not complain about the current status of his health or the adequacy of his medical care. In any event, having undergone successful medical procedures is not an enumerated category. Fernandez-De Luna makes no contention that he is entitled to compassionate release or that there are extraordinary and compelling reasons warranting his early release from prison. Moreover, there is no indication that he has exhausted the administrative remedies necessary to obtain a reduction in sentence. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020) (holding that the statutory requirement that a defendant file a request with the BOP before filing a motion for compassionate release in federal court "is *not* jurisdictional but that it *is* mandatory"); *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020) ("Even though [the] exhaustion requirement does not implicate [the court's] subject-matter jurisdiction, it remains a mandatory condition."); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he exhaustion requirement . . . presents a glaring roadblock foreclosing compassionate release."). Therefore, the court does not have the authority to alter his sentence. *See Varner*, 948 F.3d at 253 (finding that the district court lacked jurisdiction to entertain a motion to correct or change a sentence unless it fell into one of the recognized categories of postconviction motions set forth in FED. R. CRIM. P. 35 or 36 or in 18 U.S.C. § 3582(c)); *United States v. Castelan*, 73 F. App'x 80, at *1 (5th Cir. 2003) (holding that "[t]he district court is prohibited from modifying a term of imprisonment once it has been imposed except in certain limited circumstances") (citing *United States v. Early*, 27 F.3d 140, 141-42 (5th Cir. 1994)); *United States v. Ellis*, No. CR 15-124, 2020 WL 5073562, at *1 (E.D. La. Aug. 26, 2020) (same); *see also United States v. Jaimes-Jaimes*, 67 F. App'x 242, *1 (5th Cir. 2003) (a defendant is not entitled to a modification of his

3

sentence based on post-conviction rehabilitation because it is not authorized under Section 3582(d)(2)).

In summary, the court is without the authority to modify an imposed sentence of imprisonment except for the narrow exceptions outlined above, which are inapplicable to the present case. In addition, Fernandez-De Luna has not even attempted to exhaust his administrative remedies. Furthermore, the court is of the opinion that the sentence originally imposed in this case is equitable in light of the factors set forth in 18 U.S.C. § 3553(a). For these reasons, Fernandez-De Luna's *pro se* Letter Motion (#760) is DENIED.

SIGNED at Beaumont, Texas, this 28th day of June, 2021.

                                                  MARCIA A. CRONE
                                         UNITED STATES DISTRICT JUDGE